## GEORGE F. FULLER *vs.* WILLIAM K. ATWOOD.

A. made a written agreement with B. and C. by which B. and C. were each to receive $5,000 as "reimbursement" for money paid by them respectively into a firm business, and $3,500 for claims to profits, and a bond of indemnity, and were to make over to A. the business and property of the firm. This agreement was carried out.

Subsequently A. brought *assumpsit* against B., alleging a deficit of $174 in the $5,000 of B.'s share in the firm capital, claiming $174 from B., and seeking by parol evidence to establish the deficit and a promise by B. to make any such good if found to exist.

*Held*, that parol evidence was admissible for this purpose, the word "reimbursement" implying that the amount had not been withdrawn from the firm capital, and any amount withdrawn being recoverable under the money counts.

In the same action A. sought to recover $800 from B., because in stating the firm's liability B. omitted an outstanding note of this amount.

*Held*, that having affirmed the agreement and not having revoked it for fraud, A. could not maintain *assumpsit* for this claim, which in fact rested on B.'s tort.

To maintain *assumpsit* for such a claim A. must show that at once on discovering the tort he repudiated the agreement and restored or offered to restore B. to his original position.

EXCEPTIONS to the Court of Common Pleas.

*June* 7, 1881. DURFEE, C. J. The exceptions show that formerly the defendant was a partner in business with Stephen Albro and Uriah R. Colwell. The partnership was dissolved in 1879, and the defendant was appointed receiver. Shortly afterwards the plaintiff, representing Albro, entered into a written agreement with the defendant and Colwell under which the defendant and Colwell were to receive $5,000 each, as *reimbursement* for money paid into the business of the firm by them, and $3,500 each, for their claim to profits, and a bond with sureties to indemnify them against partnership liabilities, in consideration of which they were to make over the property and effects of the firm to the plaintiff, and retire from it leaving him in complete possession and control. Accordingly the money was paid and the bond given by the plaintiff, and all the business and effects, as the defendant claims, were made over and delivered to him. Several months later, without any previous offer to rescind the contract and return the property, the plaintiff began, in the Court of Common Pleas, the present action, which is *assumpsit*, the declaration in which contains both special counts and the common money counts. As his grounds of action the plaintiff claims, *first*, that some of the partnership effects were not delivered; *second*, that there was a deficit of

$174.00 in the $5,000 paid in by the defendant; and, *third*, that there was an $800 note which the firm owed in addition to what the defendant represented that it owed.

No question is raised here under the first claim. In support of the second claim the plaintiff offered testimony to show the existence of the deficit, and also to show that at or about the time the agreement was entered into, the defendant orally promised that if any were found he would make it good. The defendant objected to the testimony as tending to vary or contradict the written agreement. The court ruled it in and the defendant excepted. The question is: Was the testimony admissible? We think it was. It is true the written agreement does not expressly stipulate that the $5,000 originally paid in had not been either wholly or in part withdrawn. But the $5,000 paid by the plaintiff was paid as *reimbursement*, which implies that it had not been withdrawn; and therefore, to the extent that it had been withdrawn, the payment was in excess of the consideration, and, in our opinion, could be recovered back under the money counts. *Hill* v. *Rewee*, 11 Met. 268. The exceptions to this point are therefore overruled.

The plaintiff, in support of his third claim, offered testimony to show that the defendant, both before and at the time of the making of the contract, represented that the entire liabilities of the firm by note were only $6,000, and that he gave a statement or list of notes amounting to $6,000, which did not include the $800 note. The court admitted the testimony against the objection of the defendant, who excepted. We think the court erred in admitting it. The plaintiff contends that the testimony was admissible to show a fraud practised on him by the defendant, in that he was induced by the representation to enter into the contract, stipulating therein to give a bond to indemnify the defendant and Colwell against all the liabilities of the firm, which bond he gave, when but for the representation he would not have entered into it. He contends that he has been injured by the fraud to the amount of the note, though it does not appear that he has ever paid it, and that he is entitled, waiving the tort, to recover damages for the injury in *assumpsit*. It is well settled that where a party has paid money in pursuance of a contract

which he has been inveigled into by the fraud of the other party, he can recover back the money paid in *assumpsit;* but in order to do so he must show that immediately after discovering the fraud he repudiated the contract and reinstated, or offered to reinstate, the defendant in his original condition. The plaintiff does not make out any such case. He was apprised of the existence of the $800 note almost immediately after the execution of the contract; but instead of repudiating the contract, he went on under it, availing himself of all its advantages. He thus affirmed it, and it is therefore too late for him now to recover back the consideration, or any part of it on account of the fraud, in *assumpsit.* It is only after the contract is annulled and the fruits of it restored that the law implies a *promise* to pay back the consideration. *Pearsoll* v. *Chapin,* 44 Pa. St. 9; *Campbell* v. *Fleming,* 1 A. & E. 40; *Norton* v. *Young,* 3 Me. 30; *Sanborn* v. *Osgood,* 16 N. H. 112; *Weeks* v. *Robie,* 42 N. H. 316; *Wheaton* v. *Baker,* 14 Barb. S. C. 594; *Cook* v. *Gilman,* 34 N. H. 556. The claim here can only be regarded as a claim for damages for tort for which *assumpsit* will not lie.

The exception on this point is therefore sustained and the case remitted to the Court of Common Pleas for a new trial.

*Exception sustained.*

*Charles A. Wilson & Irving Champlin,* for plaintiff.
*James M. Ripley & B. B. Hammond,* for defendant.